EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* AMÉRICO EGIPCIACO, acusado y apelante.

No. 5801.—*Sometido:* Diciembre 5, 1935. *Resuelto:* Enero 17, 1936.

*Buenaventura Esteves,* abogado del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal

Américo Egipciaco fué convicto en dos ocasiones del delito de acometimiento y agresión grave, primero, en la Corte Municipal de Aguadilla, y luego de un juicio *de novo,* en la Corte de Distrito de Aguadilla.

■ El primer señalamiento es que la corte de distrito cometió error al permitir a un perito médico, o sea, al Dr. Francisco A. Márquez, que no había declarado en la corte municipal y cuyo nombre no figuraba en la relación de testigos que aparece en la denuncia, declarar en el juicio *de novo* con la oposición del acusado. Al ser llamado el caso para juicio en la corte de distrito el 13 de julio de 1934, el acusado informó que dos de sus testigos se hallaban ausentes y solicitó que si éstos no se presentaban antes de terminar el juicio se dejara el caso abierto a fin de que se les pudiera examinar en la fecha futura que la corte señalara si el acusado decidía ofrecer su testimonio. El fiscal manifestó que no se oponía a ello a pesar de que la petición resultaba prematura. El juez inquirió por qué era prematura, y el fiscal contestó que debido a que la defensa no sabía entonces si utilizaría o no a lós testigos. El juez entonces manifestó que resolvería la cuestión más tarde y el juicio continuó. Al ser llamado Márquez, ocurrió el siguiente incidente:

"Defensa: Nosotros, señor Juez en este momento hacemos oposición a que declare como testigo de cargo en este caso el Dr. Márquez porque el mismo no figura en la relación de testigos que aparece en esta denuncia, siendo por tanto una sorpresa para el acusado.

"Hon. Juez: La cuestión es que el testigo fué juramentado como testigo de cargo ante el acusado y la defensa desde hace algún tiempo y ha estado bajo las reglas de la Corte; ¿con qué fin va a presentar el Fiscal al perito?

"Sr. Fiscal: Para probar el carácter de las heridas del perjudicado.

"Hon. Juez: Como el caso probablemente quede abierto a prueba, en cuyo caso la defensa tiene tiempo de preparase y defenderse contra el testimonio del perito, evitándose así cualquier sorpresa para la defensa, la Corte permite que sea examinado dicho perito.

"Defensa: Tomamos excepción de la resolución de la Corte por los fundamentos anteriormente expuestos."

El delito fué cometido en Moca, que es un pueblo pequeño dentro del distrito judicial municipal de Aguadilla. Los autos demuestran que había dos médicos en Moca, uno de los cuales lo era el testigo Márquez. El otro era un testigo del acusado, que no hubiera tenido dificultad alguna en aseverar que Márquez había asistido al perjudicado. No se demostró satisfactoriamente que el acusado fuera en realidad sorprendido al presentarse a Márquez como testigo en el juicio *de novo* y la corte de distrito no cometió error al permitirle que declarara, no obstante el hecho de no habérsele llamado como testigo en la corte municipal y a pesar de no figurar su nombre en la lista de los testigos designados en la denuncia. Véase también el caso de *El Pueblo* v. *Román,* 18 D.P.R. 219.

Los señalamientos segundo, tercero y cuarto se refieren a ciertas preguntas hechas por el fiscal en la repregunta de los testigos de la defensa, admitidas con la objeción del acusado. El fiscal apenas hubiera podido quejarse si la objeción del acusado a una o dos de estas preguntas hubiera sido sostenida, pero no hallamos abuso de discreción y por consiguiente un error que dé lugar a la revocación al declarar sin lugar las objeciones, ni podemos convenir con el apelante en que hubiera indicios de parcialidad o prejuicio por parte del juez sentenciador.

El quinto señalamiento es que la corte de distrito cometió error y demostró parcialidad y prejuicio contra el acusado al dictar sentencia. La contención carece igualmente de mérito.

*La sentencia apelada debe ser confirmada.*